Halwalage Priyal Shanaka
**FERNANDO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–75980.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 10, 2007.

Judith L. Wood, Esq., Law Offices of Judith L. Wood Human Rights Project, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

### MEMORANDUM \*\*\*

Halwalage Priyal Shanaka Fernando, a native and citizen of Sri Lanka, petitions

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen to adjustment status. To the extent we have jurisdiction, it is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Fernando's motion to reopen as untimely because it was filed more than two years after the final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (motions to reopen must generally be filed within ninety days of the agency decision).

We lack jurisdiction to review the BIA's refusal to invoke its authority to reopen sua sponte under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion") (italics omitted).

To the extent Fernando challenges the agency's denial of his asylum, Convention Against Torture, and withholding of removal applications, those decisions are not before us in this petition for review. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996) (holding that the court reviews solely the motion to reopen and not the underlying deportation order on a petition for review of the BIA's denial of a motion to reopen).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.